REQUESTED BY: Merlyn Luebbe, Pierce County Attorney.
1. Is the administration of a regional community health center that has been established pursuant to Neb.Rev.Stat. §§ 71-5001 et seq. (1981 Supp.) precluded from disclosing the names of those individuals receiving services at the health center to members of the mental health board without violating any physician-patient privilege?
2. In the event disclosure of patient names is permissible, to whom may disclosure be made?
1. No, unless the individual is in a federally funded drug or alcohol program.
2. State statutes do not prohibit the release of patient names, however, federal regulations applicable to programs that receive federal funds may prohibit or severely restrict release of the names of patients involved in certain programs.
Neb.Rev.Stat. § 27-504 (Reissue 1979) contains the rule regarding physician-patient privileges in relation to legal proceedings. This privilege, however, does not generally apply to such information as the fact that a physician has attended a patient or the number of visits. See, SovereignCamp of Woodmen of the World v. Grandon, 64 Neb. 39,89 N.W. 448 (1902). Thus it would appear that the names of patients may be divulged to the members of the board of directors or to any other source without violating the Nebraska statutes.
However, programs concerned with alcohol or drug abuse or education that receive federal funds are under stricter rules. The statutory authority for these drug and alcohol abuse programs and the related regulations are set out in42 C.F.R. § 2.1 and § 2.2 respectively. The specific regulations relating to these programs are set out in42 C.F.R. §§ 2.1 et seq. The federal guidelines are much stricter than Nebraska statutes in terms of what may be released and to whom it may be released. In some cases it appears that release of even the name of a patient to any outside source, including a third party funding source, may subject the individual or the program to penalties.
It would appear that the board members are functioning as representatives of funding sources. Neb.Rev.Stat. § 71-5001
et seq. (Reissue 1981) establishes the regional mental health clinics, provides for funding from the counties within each region and provides that the mental health regional governing board shall be made up of representatives of the county board of supervisors or county commissioners representing the counties within the region. Under this analysis, it is questionable whether the names of patients could be released to the board members. However, if federal funds are being received under the above cited federal regulations, you should contact your funding source to receive an analysis of their regulations.
As to whom patient names may be disclosed our response would be twofold. Under the Nebraska statutes it would appear that the names alone of patients may be released generally without violating any state statutes. (See Grandon,supra.) Under the federal regulations it would appear that to divulge even the names of patients involved in certain federally funded programs to anyone not involved directly in treatment would be a violation of said regulations. It would be advisable to consult any federal funding source you may have to determine their limits regarding confidentiality and any sanctions which may apply to a violation of those guidelines.
In summary, disclosure of the patient names alone to mental health board members or any other individuals does not appear to be in violation of state statutes. However, disclosure to even board members of other than statistical information regarding patients involved in federally funded programs may be in violation of federal regulations. As noted above, we suggest that you contact any such funding sources which you may have regarding their interpretation of the federal regulations. It should also be cautioned that disclosure by any member of the board of the name or significant identifying information of any patient might subject the entire board to a possible civil suit on behalf of the patient and subject the individual board member to additional penalties under the aforementioned federal regulations.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Linda L. Willard Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General